UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                    CASE NO.  8:11-cr-509-T-23MAP

JORGE ALFREDO COLOMER HAYLOCK
_____/


**<u>ORDER</u>**

A June 21, 2013, order (Doc. 103) denies Haylock's motion (Doc. 102) to

reinstate his right to appeal and for appointment of counsel.  Again claiming that the

United States lacked jurisdiction to prosecute this action because he was allegedly

arrested in a country's territorial water Haylock (1) moves for reconsideration

(Doc. 104) of the order regarding appeal and appointment of counsel and (2) moves

(Doc. 105) for "plain error review."

Haylock again cites *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir.

2012), and states that "Honduras claims the waters that the boat was in."  The

motions are properly controlled by 28 U.S.C. § 2255.*

---

\* Title 28 U.S.C. § 2255 is the exclusive remedy for challenging a conviction and sentence
unless the remedy is inadequate or ineffective.  *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th
Cir. 2005) (*per curiam*); *Lande v. Hanberry*, 601 F.2d 805 (5th Cir. 1979).  A remedy under Section
2255 is not inadequate or ineffective merely because relief is barred by the applicable one-year
limitation or because a motion under Section 2255 is successive.  *See Wofford v. Scott*, 177 F.3d 1236,
1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).  Further, "[t]he remedy
(continued...)

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). As explained in the earlier order (Doc. 103), Haylock's motion is untimely.

Haylock was convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. § 70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power:  the power to define and punish piracies, **the power to define and punish felonies committed on the high seas**, and

---

<sup>*</sup> (...continued)
afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted).

the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

(emphasis added).

*Hurtado* rejected the argument that the "Offences Clause" supports the

MDLEA. "Because drug trafficking is not a violation of customary international

law, we hold that Congress exceeded its power, under the Offences Clause, when it

proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at

1258. *Hurtado* is inapplicable to Haylock because, as he admitted in his plea

agreement (Doc. 46), Haylock was not in the territorial water of Honduras. "On or

about September 29, 2011, the defendant, Jorge Alfredo Colomer Haylock, along

with three co-defendants, was aboard a vessel encountered by U.S. Coast Guard

cutter MOHAWK approximately one hundred ten (110) nautical miles east of the

Honduran coast in international waters of the Caribbean Sea." Notwithstanding

Haylock's argument to the contrary, the reported location places the vessel

unquestionably in international water. *United States v. McPhee*, 336 F.3d 1269, 1273

(11th Cir. 2003) (recognizing that "international water" is all area beyond twelve

miles from land).  Because Haylock was not within a country's territorial water, *Hurtado* is inapplicable.

Haylock's motions are insufficient and are untimely.  Haylock's criminal prosecution is concluded and (Docs. 104 and 105) are denied.

### DENIAL OF BOTH
### A CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

To the extent that Section 2255 could apply to his motions, Haylock is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Haylock must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the petition is clearly time-barred and because Haylock qualifies for no new limitation under Section 2255(f)(3), Haylock cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, because Haylock is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Haylock must pay the full $455 appellate filing

fee without installments unless the circuit court allows Haylock to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on December 2, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE